IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CASSAUNDRA NELMS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00154-O |
| | § | |
| **OUTBACK STEAKHOUSE OF** | § | |
| **FLORIDA, LLC,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Remand filed by Plaintiff Cassaundra Nelms ("Nelms") (ECF No. 6) and the Response filed by Defendant Outback Steakhouse of Florida, LLC ("Outback") (ECF No. 13). On March 12, 2024, United States District Judge Reed O'Connor referred this motion to the undersigned. ECF No. 7. Having reviewed the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion (ECF No. 6).

## I.     BACKGROUND

Nelms sued Outback in the 352nd Judicial District Court of Tarrant County, Texas. ECF No. 1 at 1. Outback removed the case on February 15, 2024. *Id.* at 1. Nelms now moves to remand the case, arguing that the Court lacks subject matter jurisdiction. ECF No. 6.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal

jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[A]ll persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Nelms only brings claims under state law (ECF No. 1 at 4-5), so for the Court to have subject-matter jurisdiction over the case, diversity jurisdiction must exist.

## III. ANALYSIS

Nelms argues (1) that Defendant Jane Doe ("Doe") is a citizen of Texas, destroying diversity jurisdiction; and (2) the amount in controversy is too speculative to exceed the $75,000 threshold. ECF No. 6.

First, Nelms asserts that Doe is a citizen of Texas, but the removal statute clearly provides that "[i]n determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, the Court disregards Doe's citizenship at this time.

The remaining parties, Nelms and Outback, are diverse. The citizenship of a natural person is determined by her domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). Nelms is domiciled in Texas, so she is a citizen of Texas. ECF No. 1 at 2. Outback is a limited liability company ("LLC"). *Id*. An LLC's citizenship "is determined by the citizenship of all of its members." *Acadian Diagnostic Labs, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 409 n.1 (5th Cir. 2020) (internal quotation marks and citations omitted). Outback's

sole member is OSI Restaurant Partners, LLC, which in turn has one member: OSI HoldCo., Inc. ECF No. 17. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332. OSI HoldCo., Inc. is "a Delaware [c]orporation with a principal place of business in Florida." ECF No. 17.

Therefore, Outback is a citizen of Delaware and Florida. Thus, disregarding Doe's citizenship, complete diversity exists. "Of course, once [Jane] Doe is identified, [Nelms] is free to seek joinder and remand under the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(e)." *Mosely v. Doe #1*, No. 3:21-CV-2919-B, 2022 WL 1102867 (N.D. Tex. Apr. 13, 2022).

Next, Nelms argues that she "cannot say with any certainty that she will be claiming more than $75,000.00 at this time[, because she] will not be able to make a final decision as to the value of her claim until [d]iscovery is complete." ECF No. 6 at 2. "Section 1332 does not provide further guidance on how to determine the amount in controversy. But other statutory provisions do," including 28 U.S.C. § 1446. *Durbois v. Deutsche Bank Nat. Trust Co.*, 37 F.4th 1053, 1056 (5th Cir. 2022). Generally, "the sum demanded in good faith in the initial pleadings is the amount in controversy." *Id*. (citing 28 U.S.C. § 1446(c)(2)). Nelms seeks over $1,000,000.00 in damages. *Id.* at 1-2. Unless Nelms now admits she did not demand this sum in good faith, it is the amount in controversy. Therefore, the requirements of diversity jurisdiction are satisfied.

## IV.   CONCLUSION

The case meets the requirements of diversity jurisdiction, and the Court has subject matter jurisdiction. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion (ECF No. 6).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 30, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4